FILED
SUPERIOR COURT
OF GUAM

2019 OCT 29 PM 2: 13

CLERK OF COURT

By:

# IN THE SUPERIOR COURT
# OF GUAM

THE PEOPLE OF GUAM,

vs.

CARL SANTIAGO AGUON,

Defendant.

S.C. Criminal Case No. CF0305-18

**DECISION & ORDER**

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo on Defendant Carl S. Aguon's (hereinafter "Defendant") Motion for Conditional Dicharge and Dismissal filed October 11, 2019. Defendant is represented by Vanessa L. Williams, Esq. The People of Guam (hereinafter "People") are represented by Assistant Attorney General Jeremy Kemper. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order DENYING Defendant's motion.

## BACKGROUND

On May 22, 2018, the Defendant was indicted with the following charges: (1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony) in violation of 9 G.C.A. §§ 67.401.2(a)(1) and (b)(1), (2) Possession of a Schedule II Controlled

Substance (As a Third Degree Felony) as a violation of 9 G.C.A. § 67.401.2(a), (3) Possession of a Firearm Without a Guam Firearm Identification Card (As a Third Degree Felony) in violation of 10 G.C.A. § 60106, and (4) Possession of an Unregistered Firearm (As a Third Degree Felony) in violation of 10 G.C.A. § 60110. Indictment at pg. 5-6, May 22, 2018.

On August 29, 2019, the Court accepted a plea agreement between the Defendant and the People. According to the terms of the plea agreement, the Defendant pled guilty to the charges of Possession of a Schedule II Controlled Substance (As a Third Degree Felony) and Possession of a Firearm Without a Guam Firearm Identification Card (As a Third Degree Felony). Pursuant to the agreement, the parties agreed to argue for a prison term of zero (0) to five (5) years at the sentencing hearing which was scheduled for October 17, 2019.

Six days before the scheduled sentencing hearing, the Defendant filed a Motion for Conditional Discharge and Dismissal for the Possession of a Schedule II Controlled Substance (As a Third Degree Felony) charge. On the eve of the scheduled sentencing hearing, the People filed their sentencing memorandum wherein it argued against the Defendant's Motion for Conditional Discharge and Dismissal.

At the sentencing hearing, the Court heard oral arguments by both parties before taking the matter under advisement and ordered the parties to return on October 31, 2019, to hear its decision.

## FACTS

1. On August 29, 2019, the Defendant pled guilty to Possession of a Schedule II Controlled Substance (As a Third Degree Felony) and Possession of a Firearm Without a Guam Firearm Identification Card (As a Third Degree Felony) through a plea agreement.

2. The plea agreement dismissed the other two charges.

3. If the Defendant chose to go to trial on all four (4) charges and was convicted of all four (4) charges, he would have faced a minimum of twenty-one (21) years in prison[1].

4. Through the plea agreement, the Defendant was able to negotiate a minimum prison term of zero (0) years for his guilty plea of Possession of a Schedule II Controlled Substance (As a Third Degree Felony) and Possession of a Firearm Without a Guam Firearm Identification Card (As a Third Degree Felony).

5. The plea agreement contains no provision in which the Defendant reserves the right to request the Court for any type of deferred sentence.

6. On October 11, 2019, the Defendant moved the Court to conditionally discharge and dismiss his conviction of Possession of a Schedule II Controlled Substance (As a Third Degree Felony) pursuant to 9 GCA § 67.412.

7. The People argue that 9 GCA § 67.412 is inappropriate for individuals in the Defendant's case due to the fact that the Defendant negotiated and signed a plea agreement that resulted in a significant reduction in potential jail time and did not reserve the right to request the Court for any sentence deferment for any charge that he pleads guilty to.

## ISSUE

Whether 9 GCA § 67.412 is applicable to the Defendant.

## PRINCIPLES OF LAW

Title 9 G.C.A. section 67.412 provides in relevant part:

---

[1] A violation of 9 G.C.A. §§ 67.401.1(a)(1) and (b)(1) carries a prison term of twenty (20) to thirty (30) years. 9 G.C.A. 67.401.4(a).
A violation of 9 G.C.A. § 67.401.2(a) carries a prison term of zero (0) to three (3) years. 9 G.C.A. §§ 67.401.2(b) and 80.31(c).
A violation of 10 G.C.A. § 60106 carries a prison term of zero (0) to two (2) years. 10 G.C.A. 60121(e).
A violation of 10 G.C.A. § 60110 carries a prison term of not less than (1) year. 10 G.C.A. § 60121(a).

**§ 67.412. Conditional Discharge and Dismissal for First Offenders; Permitted.**

(a) Whenever any person who has not previously been convicted of an offense under this Act or under any statute of the United States or of any State relating to narcotic drugs, marijuana or stimulant, depressant or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under § 67.401.2(a), the Court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions....

9 GCA § 67.412

## ANALYSIS

The Defendant requests that the Court permit him to undergo clinical screening and if he is clinically eligible, impose treatment instead of incarceration and grant him a conditional discharge and dismissal for the Possession of a Schedule II Controlled Substance charge pursuant to 9 GCA § 67.412. Def. Mot., Oct. 11, 2019. It is undisputed that the Defendant has never previously been convicted of any crime. It is also undisputed that the Defendant has pled guilty to possession of a controlled substance under § 67.401.2(a). As such, the Defendant argues that he is eligible for his possession charge to be conditionally discharged and dismissed pursuant to 9 GCA § 67.412.

Although the People stipulate to the fact that the Defendant is legally eligible for conditional discharge and dismissal under 9 GCA § 67.412, they oppose its application. The People's opposition is based on the fact that the Defendant did not enter an open plea of guilty to the Court, instead the Defendant negotiated a plea agreement with the government which included a charge bargain that resulted in a significant time reduction for imprisonment. Furthermore, the People argue that the plea agreement does not include a deferral provision based on the fulfillment of any terms or conditions. Therefore, the People claim that because the Defendant did not enter an open plea of guilty but instead got the benefit of a charge bargain

through a plea agreement, it would be unwarranted to allow the Defendant to take advantage of a negotiated plea agreement which significantly reduced his potential term of imprisonment and then subsequently request that the plea agreement be deferred.

The Court finds that after further review, 9 GCA § 67.412 unambiguously applies to a defendant who satisfies two conditions: (1) the Defendant must have no prior drug related convictions and (2) the Defendant must plead guilty or be found guilty of possession of a controlled substance under § 67.401.2(a). The Court finds no other pre-requisites in the statute for the applicability of 9 GCA § 67.412. The Court also finds no language in the statute that states that a plea agreement may deem a Defendant ineligible for 9 GCA § 67.412. Therefore, since the Defendant has no prior drug convictions of any sort and has pled guilty to violating § 67.401.2(a) in his plea agreement, the Court holds that 9 GCA § 67.412 may legally be applied to the Defendant.

The Court also finds that because 9 GCA § 67.412 is applicable to the Defendant, it has the option to place the Defendant on probation with certain terms and conditions which may include clinical screening and treatment in lieu of incarceration for the possession charge. Based on the facts of the case, the Court finds that the Defendant did not intentionally wish to get involved in the drug trade. The opportunity came to him from his girlfriend's family who was residing with him at the time. The Court finds that the ubiquitous inclination to assist family members promoted his flawed judgment in the matter at hand. The Court also finds that the Defendant is a first time offender and has never had the opportunity to receive the benefit of a drug program.

However, the Court must also take into consideration the terms and conditions of the existing plea agreement. The Defendant had sufficient opportunity to negotiate and reserve the

right to argue for conditional discharge and dismissal under 9 GCA § 67.412 in his plea agreement but failed to do so. Further, the Court finds that the Defendant also had the opportunity to request the Court to consider his clinical eligibility for a treatment program before plea agreement negotiations even commenced. As such, the Court finds that the Defendant has substantially benefitted from his plea agreement and to further indulge the Defendant by deferring a plea agreement that he had the full opportunity to negotiate in would be inappropriate. Therefore, the Court holds that the Defendant shall be sentenced to prison term of zero (0) to five (5) years pursuant to the plea agreement.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Defendant's Motion for Conditional Discharge and Dismissal.

SO ORDERED, this __29th__ day of __October__ 2019

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: V. Williams

Date: 10-29-19  Time: 2:15 pm

Deputy Clerk, Superior Court of Guam